NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000847
22-SEP-2014
10:53 AM

NO. CAAP-14-0000847

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ERIK DARIAN DANNER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 12-1-000387)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Upon review of the record in CAAP-14-0000847, it appears that we lack appellate jurisdiction over Defendant-Appellant's appeal from the Order Granting, In Part, Defendant Erik Darian Danner's Motion to Correct Illegal Sentence, filed on April 22, 2014 and Amended Order Granting Motion for Deferred Acceptance of No Contest Plea, filed on April 22, 2014 in Circuit Court of the Fifth Circuit.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). "An offense . . . for which a sentence of imprisonment is authorized constitutes a crime." Hawaii Revised Statutes (HRS) § 701-107(1). "Any party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the intermediate appellate court, subject to chapter 602 in the manner and within the time provided by the rules of the court." HRS § 641-11.

Defendant-Appellant filed her appeal pursuant to HRS § 641-11. In State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001), the supreme court stated:

> Under HRS § 641-11, "[t]he sentence of the court in a criminal case" is "the judgment" from which an appeal is authorized. Because "[t]here is no 'conviction' when the acceptance of a . . . plea is deferred[,]" State v. Putnam, 93 Hawai'i 362, 367, 3 P.3d 1239, 1244 (2000), an order granting "[a] DANC plea [such as the one issued here] is not a conviction nor is it a sentence." State v. Oshiro, 69 Haw. 438, 442, 746 P.2d 568, 570 (1987) (citation omitted). There having been no conviction and sentence in this case, there can be no appeal under HRS § 641-11 from the [] order granting Defendant's plea deferral.

Thus, HRS § 641-11 does not authorize Appellant to appeal from the Order Granting, In Part, Defendant Erik Darian Danner's Motion to Correct Illegal Sentence or the Amended Order Granting Motion for Deferred Acceptance of No Contest Plea.[1]

Absent a statute authorizing an appeal, we lack appellate jurisdiction over the appeal.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 22, 2014.

_Craig H. Nakamura_
Chief Judge

_Lanie R. Foley_
Associate Judge

_Alexa Fujise_
Associate Judge

---

[1] In Kealaiki, the supreme court indicated that orders granting deferred pleas may be subject to review pursuant to writs of prohibition or mandamus. See 95 Hawai'i at 313, 22P. 3d at 592. However, the supreme court has original jurisdiction over such writs and Defendant-Appellant did not seek review pursuant to such writs. See id.